ORSUS GATE LLP
Denis Shmidt (Bar No. 267987)
Nabil Bisharat (Bar No. 270305)
Zachary Murray (Bar No. 344762)
16 N. Marengo Ave., Suite 505
Pasadena, CA 91101
Telephone: (213) 973-2052
Email: DShmidt@OrsusGate.com
Email: NBisharat@OrsusGate.com
Email: ZMurray@OrsusGate.com

*Attorneys for Defendant and Counterclaimant Beach Cities Chabad*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

YOSEF SHLOMO GREENWALD, an individual,

Plaintiff,

v.

BEACH CITIES CHABAD, a non-profit corporation,

Defendant.

AND RELATED COUNTERCLAIM

Case No. 2:25-CV-05829-AB-SSC

**DEFENDANT AND COUNTERCLAIMANT BEACH CITIES CHABAD'S PETITION TO CONFIRM ARBITRATION AWARD**

Complaint filed: June 26, 2025

Date: August 14, 2026
Time: 10:00 a.m.
Judge: Hon. Andre Birotte, Jr.

*Filed concurrently with Declarations of Daniel Katz and Denis Shmidt; and the Proposed Final Judgment*

**TO THE COURT, ALL PARTIES, AND ALL COUNSEL, PLEASE TAKE NOTICE THAT:**

On August 14, 2026, at 10:00 a.m. in Courtroom 7B of the United States District Court, Central District of California, located at 350 W. 1st Street, Los Angeles, CA 90012, before the Hon. Andre Birotte, Defendant and Counterclaimant Beach Cities Chabad ("Beach Cities") will, and hereby does, petition this Court for an order pursuant to Section 9 of the Federal Arbitration Act, 9 U.S.C. § 1, *et seq.* confirming the Final Award issued on March 5, 2026 by Rabbi Nachum Sauer, Rabbi Gershon Bess, and Rabbi Avrohom Union of the Rabbinical Council of California, and entering judgment in Beach Cities' favor.

Beach Cities bases this petition on this Notice of Petition and supporting Memorandum of Points and Authorities, the Declarations of Daniel Katz and Denis Shmidt, the exhibits attached to that Declaration, including the Final Award, the Agreements between the parties, the complete record in this matter, and such oral argument as may be presented at any hearing.

This petition is made following the conference of counsel pursuant to L.R. 7-3, which took place on July 10, 2026 via telephone. [Shmidt Decl. ¶ 2]. During the conference the parties thoroughly discussed the substance of Beach Cities' petition to confirm the Final Award but were unable to resolve the disputed issues.

Dated: July 17, 2026

ORSUS GATE LLP
Denis Shmidt
Nabil Bisharat
Zachary Murray

By: */s/ Zachary Murray*
Zachary Murray
*Attorneys for Defendant and Counterclaimant Beach Cities Chabad*

## MEMORANDUM OF POINTS AND AUTHORITIES

Defendant and Counterclaimant Beach Cities Chabad ("Beach Cities"), through its undersigned counsel, submits this Petition to Confirm the Arbitration Award (the "Final Award") issued on June 22, 2026 by the Rabbinical Council of California ("RCC").

## I. INTRODUCTION

Plaintiff Yosef S. Greenwald filed this lawsuit seeking to avoid repaying $6.8 million loaned to him by Beach Cities. Specifically, on November 1, 2024, Beach Cities and Greenwald executed a Promissory Note documenting the $6.8 million loan and requiring Greenwald to begin making payments towards the principal beginning in June 2025. In connection with the Promissory Note, the parties also executed a Pledge and Security Agreement and a Guaranty, pursuant to which Greenwald pledged several businesses and properties as security for the loan. In June 2025, Greenwald failed to make the first payment towards the principal. Greenwald then filed this lawsuit claiming that the agreements were unenforceable because they were procured by fraud and executed under duress. In turn, Beach Cities counterclaimed for breach of the loan agreements and to quiet title against the properties pledged as security for the loans.

Two of the three agreements contained arbitration provisions. As a result, on August 15, 2025, the Parties submitted a joint stipulation to stay the action and order the parties to proceed to arbitration before the RCC. On August 20, 2025, the Court granted the joint stipulation, stayed the case, and ordered the dispute to arbitration before the RCC.

The Parties thereafter participated in arbitration before the RCC. On March 5, 2026, RCC issued its initial award (the "Initial Award"), denying all of Greenwald's claims and reaffirming Beach Cities' right to collect the $6.8 million in principal and confirming the liens "as securing the repayment … and BCC may foreclose such lien and exercise all remedies under the lien documents." The

Parties thereafter requested that the BCC clarify certain issues within the Initial Award, which the BCC agreed to do. The BCC then accepted additional briefing from all Parties and, on June 22, 2026, issued its Amended and Restated Final Award (the "Final Award")

Beach Cities therefore submits this Petition requesting the Court confirm the Final Award and enter judgment in favor of Beach Cities and against Greenwald.

## II. FACTUAL BACKGROUND

Rabbi Yosef Mintz, the CEO of Beach Cities, oversees the deployment of Beach Cities' funds, which is primarily used to fund the congregation's capital campaigns. [Beach City's First Amended Countercomplaint ("FACC") (Dkt. 35) ¶ 22]. For years Greenwald came to Rabbi Mintz for loans from the Beach Cities' fund, eventually totaling over $10 million in loans. [*Id.* ¶¶ 23-25]. These loans were initially unsecured, but as the amount grew, and as Beach Cities' need for the funds for its capital campaigns increased, Rabbi Mintz told Greenwald that he needed to start paying down the principal. [*Id.* ¶ 26]. By August of 2024, the total amount outstanding was $5.8 million.

In or around September 2024, Greenwald asked Rabbi Mintz for even more money. [*Id.* ¶ 33]. To assuage Beach Cities' concerns, Greenwald assured Rabbi Mintz that he owned several properties that could secure the loan. [*Id.* ¶¶ 34-35]. Given these assurances by Greenwald, Beach Cities and Greenwald executed the Promissory Note, the Pledge and Security Agreement, and the Guaranty on November 1, 2024. [FACC Exs. A-C].

Pursuant to the Promissory Note, Beach Cities loaned Greenwald an additional $1 million, raising the outstanding principal to $6.8 million. [FACC Ex. A]. For six months, Greenwald only needed to make interest payments, with payments towards the principal not beginning until June 1, 2025. Under the Pledge and Security Agreement, Greenwald agreed to pledge as collateral for the timely payment and performance of the Promissory Note his ownership interest in three

separate LLCs. [*Id.* ¶ 50, Ex. B]. And under the Guaranty, Greenwald further guaranteed the full payment of the principal by granting Beach Cities exclusive and irrevocable options to purchase real property owned by Greenwald or entities he controlled. [*Id.* Ex. C]. Greenwald delivered to Beach Cities a deed for each of these properties, which were to be recorded immediately upon Beach Cities exercising that option. [*Id.* ¶¶ 51-52, Ex. D].

In June 2025, Greenwald defaulted under the Promissory Note and the other loan agreements by failing to make the first payment towards the $6.8 million principal. [*Id.* ¶ 55]. On June 6, 2025, Beach Cities gave notice of the default to Greenwald and demanded payment of the full principal. [*Id.*]. Instead of curing his default by repaying Beach Cities, Greenwald filed this lawsuit seeking to rescind all agreements based on fraudulent inducement.

Specifically, Greenwald alleged three causes of action: (1) fraud in the inducement, based on alleged misrepresentations by Rabbi Mintz and based on Greenwald's medical condition at the time he negotiated these agreements; (2) promissory fraud, based on the alleged misrepresentation by Rabbi Mintz that Beach Cities would not seek to enforce its rights under the loan agreements; and (3) declaratory relief that Beach Cities not record the deeds for the pledged properties. [*See* Compl. (Dkt. 1)]. Beach Cities then filed its counterclaims: (1) breach of the promissory note; (2) breach of the pledge and security agreement as well as the guaranty; (3) conversion; (4) quiet title as to the properties pledged under the Guaranty; (5) breach of the implied covenant of good faith and fair dealing; (6) unjust enrichment; and (7) declaratory relief for a declaration that it is the owner of the pledged companies and properties under the Pledge and Security Agreement and the Guaranty. [*See, generally, FAC*]

On August 15, the Parties stipulated to submitting these claims to arbitration before the RCC, pursuant to the Beis Din provisions in both the Promissory Note and Guaranty. [*See* Dkt. 59]. And on August 20, 2025, the Court granted that

stipulation and stayed the case pending resolution of the arbitration before the RCC. [Dkt. 60].

The Hearing was conducted on November 3-4 and December 1-2, 2025, before the RCC. [Katz Decl. ¶ 2]. The Parties then submitted simultaneous closing briefs on January 2, 2026. [*Id.*].

On March 5, 2026, the RCC issued the Initial Award. [Katz Decl. Ex. A]. In the Initial Award, the RCC held that Greenwald failed to produce sufficient evidence in support of his claims, holding that all of Greenwald's claims "are denied in the entirety." [*Id.*]. The RCC further stated that Greenwald "cannot prevail against the legally executed loan documents." [*Id.*]. As for Beach Cities' claims, the RCC upheld "the right of Beach Cities Chabad to collect the outstanding 6.8 million dollars in principal lent to" Greenwald, and that the "liens are confirmed as securing the repayment of the foregoing obligation and BCC may foreclose such lien and exercise all remedies under the lien documents." [*Id.*].

On March 13, 2026, the Parties updated the Court regarding the issuance of the Initial Award. [Dkt. 62]. On March 23, 2026, the Court lifted the stay. [Dkt. 63]. However, after this Court lifted the Stay, a dispute arose between the Parties over the interpretation of the Initial Award. [Katz Decl. ¶ 4]. To resolve this dispute, on March 30, 2026, Beach Cities requested that the RCC reopen its proceedings and, if necessary, amend its Initial Award. [*Id.*]. The RCC agreed and, between April 2026 and June 2026, the Parties submitted further briefing and argument to the RCC. [Katz Decl. ¶ 5]. On June 22, 2026, the RCC issued its Final Award. [Katz Decl. Ex. B].

In the Final Award, the RCC denied Greenwald's claims and awarded Beach Cities the full $6.8 million. [*Id.*]. The RCC further confirmed the enforceability of the Guaranty and identified a mechanism by which the liens and the Purchase Option are to be enforced pursuant to the Guaranty and the Pledge and Security Agreement. [*Id.*]. Beach Cities hereby submits the Final Award for confirmation

and entry of judgment against Greenwald and in favor of Beach Cities.

## III. ARGUMENT

### A. Legal Standard

The Federal Arbitration Act provides that, "when an application is made to confirm an arbitration award, the court must confirm it 'unless the award is vacated, modified, or corrected,' pursuant to Sections 10 or 11 of the FAA." *Sandy Asad v. Dicks Sporting Goods, Inc.*, 2026 WL 530757, at *2 (C.D. Cal. Feb. 19, 2026) (quoting 9 U.S.C. § 9). Courts have a very limited judicial review of arbitration awards and should not vacate such awards "even in the face of erroneous interpretations of the law." *A.G. Edwards v. McCollough*, 967 F.2d 1401, 1403 (9th Cir. 1992); *see also Hall Street Assocs., LLC v. Mattel, Inc.*, 552 U.S. 576, 587 (2008) ("There is nothing malleable about 'must grant,' which unequivocally tells courts to grant confirmation in all cases, except when one of the 'prescribed' exceptions applies.").

Section 10 of the FAA permits a court to vacate an arbitration award only: (1) where the award was procured by corruption, fraud, or undue means; (2) where there was evident partiality or corruption in the arbitrators, or either of them; (3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing; upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or (4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made. 9 U.S.C. § 10(a)(1)-(4). Section 11 of the FAA allows a court to correct an arbitration award only where certain specific errors were made. *Id.* § 11.

The scope of the court's review in determining whether any of Section 10 or Section 11's exceptions apply is "extremely narrow and deferential, and the [c]ourt may not conduct a merits review of the arbitrator's award." *Sandy Asad*, 2026 WL

530757, at *2 (citing *Kyocera Corp. v. Prudential-Bache Trade Servs., Inc.*, 341 F.3d 987, 997 (9th Cir. 2003)).

The Court is also constricted in its review because this arbitration took place before a religious body and was conducted under Jewish law. "[C]ivil courts are bound to accept the decisions of the highest judicatories of a religious organization of hierarchical polity on matters of discipline, faith, internal organization, or ecclesiastical rule, custom, or law." *Serbian Eastern Orthodox Diocese for the United States of America & Canada v. Milivojevich*, 426 U.S. 696, 713 (1976). This is because "[t]he First Amendment precludes judicial review of claims that require 'a searching ... inquiry into church [doctrine]'" and prohibits the courts from deciding "religious dispute[s,] the resolution of which ... is for ecclesiastical and not civil tribunals." *Id.* at 709.[1]

**B. The Award Must Be Confirmed Pursuant to 9 U.S.C. § 9**

Here, Beach Cities respectfully submits that the Final Award issued by the RCC must be confirmed under Section 9 of the FAA. As an initial matter, Section 9 of the FAA's mandate that the Court "must grant" an order confirming the award applies where the parties "have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration." 9 U.S.C. § 9. Both arbitration provisions in the Promissory Note and the Guaranty state that "the ruling of Beis Din shall be binding and enforceable in secular court." [FACC Ex. A (Dkt. 35-1) at p. 7; Ex. C (Dkt. 35-3) at p. 7].

In addition, the Promissory Note and the Pledge and Security Agreement further provide that any and all "disputes between the parties which may arise

---

[1] "A longstanding principle of first amendment jurisprudence forbids civil courts from deciding issues of religious doctrine or ecclesiastical polity." *Elmora Hebrew Ctr., Inc. v. Fishman*, 125 N.J. 404, 413, 593 A.2d 725, 729 (1991) (citing U.S. Supreme Court)*; see also Grace Evangelical Lutheran Church of River Forest v. Lutheran Church-Missouri Synod*, 118 Ill. App. 3d 151, 161 (1983) (We find that the trial court correctly concluded that an attempt to determine this fact would in this case necessarily involve the courts in 'a searching and therefore impermissible inquiry into church polity.'" *citing Milivojevich*, 426 U.S. at 723).

pursuant to any loan document shall be heard and determined before an appropriate federal or state court located in Los Angeles, California." [FACC Ex. A (Dkt. 35-1) at § 7(f); Ex. C (Dkt. 35-3) at § 21]. This language is more than sufficient to trigger application of Section 9 of the FAA. *See Sandy Asad*, 2026 WL 530757, at *1-3 (granting motion to confirm award where agreement provided that "Judgment on the Award may be entered in any court having jurisdiction.").

Finally, all Parties have stipulated to submit the entire dispute, including ownership of the secured properties, to arbitration via the Beis Din. [Dkt. 59].

**C. None of the Exceptions of 9 U.S.C. §§ 10-11 Apply**

There is no evidence that any of these exceptions within 9 U.S.C. §§ 10-11 apply in this case. There is no evidence that the RCC acted improperly in any way, nor is there any evidence that the award was procured by fraud or corruption, or that the RCC exceeded its powers. Nor is there any evidence that the RCC made a mistake correctible by 9 U.S.C. § 11.

Instead, the Final Award confirms that the RCC heard the claims of both parties and, in particular, that it weighed the claims put forth by Greenwald, and rejected them. Indeed, the RCC explicitly held that Greenwald's "evidence was insufficient to impeach the assertions of [Beach Cities] and cannot prevail against the legally executed loan documents." [Katz Decl. Ex. A].

Given that none of the exceptions in Sections 10 and 11 of the FAA apply, the Court "must grant" this application confirming the Final Award issued by the RCC. *See* 9 U.S.C. § 10; *Hall Street*, 552 U.S. at 587.

**D. Beach Cities Is Entitled to Post-Judgment Interest under 28 U.S.C. § 1961(a)**

Beach Cities is also entitled to post-judgment interest. *See* 28 U.S.C. § 1961(a) ("Interest shall be allowed on any money judgment in a civil case recovered in a district court."); *see also Fid. Fed. Bank, FSB v. Durga Ma Corp.*, 387 F.3d 1021, 1024 (9th Cir. 2004) (post-judgment interest rate in § 1961 applies

once arbitration award is confirmed in federal court).

## IV. CONCLUSION

Beach Cities respectfully requests that the Court grant this Petition, confirm the Final Award, and enter judgment against Greenwald and in favor of Beach Cities in the amount of $6.8 million, plus post-judgment interest, and declare that Beach Cities may exercise its rights under the Guaranty and the Pledge and Security Agreement per the Final Award.

Respectfully submitted,

Dated: July 17, 2026

ORSUS GATE LLP
Denis Shmidt
Nabil Bisharat
Zachary Murray

By: */s/ Zachary Murray*
Zachary Murray
*Attorneys for Defendant and Counterclaimant Beach Cities Chabad*

## CERTIFICATION OF SERVICE

The undersigned hereby certifies that on July 17, 2026, all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system.

By: */s/ Zachary Murray*
Zachary Murray

## CERTIFICATION OF COMPLIANCE WITH L.R. 11-6.2

The undersigned, counsel of record for Defendant Beach Cities Chabad, hereby certifies that this brief contains 2,427 words, which complies with the word limit of L.R. 11-6.1 and further complies with this Court's Rules allowing a 25-page limit for a motion.

By: */s/ Zachary Murray*
Zachary Murray