ORSUS GATE LLP
Denis Shmidt (Bar No. 267987)
Nabil Bisharat (Bar No. 270305)
Zachary Murray (Bar No. 344762)
16 N. Marengo Ave., Suite 505
Pasadena, CA 91101
Telephone: (213) 973-2052
Email: DShmidt@OrsusGate.com
Email: NBisharat@OrsusGate.com
Email: ZMurray@OrsusGate.com

*Attorneys for Defendant*
*Beach Cities Chabad*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| YOSEF SHLOMO GREENWALD, an individual,<br><br>Plaintiff,<br><br>v.<br><br>BEACH CITIES CHABAD, a non-profit corporation,<br><br>Defendant. | Case No. 2:25-CV-05829-AB-SSC<br><br>**DECLARATION OF DANIEL KATZ IN SUPPORT OF DEFENDANT AND COUNTERCLAIMANT BEACH CITIES CHABAD'S PETITION TO CONFIRM ARBITRATION AWARD**<br><br>Complaint filed: June 26, 2025<br><br>Date: August 14, 2026<br>Time: 10:00 a.m.<br>Judge: Hon. Andre Birotte, Jr.<br><br>*Filed concurrently with Petition; the Declaration of Denis Shmidt; and the Proposed Final Judgment* |
| AND RELATED COUNTERCLAIM | |

# DECLARATION OF DANIEL KATZ

I, Daniel Katz, declare as follows:

1. I am a partner with the law firm DJK Counsel, Ltd. and I represented Defendant Beach Cities Chabad ("Beach Cities") in its Beis Din arbitration at the Rabbinical Council of California ("RCC") against Plaintiff Yosef S. Greenwald ("Greenwald") in connection with this matter. I make this declaration in support of Beach Cities' Petition to Confirm Arbitration Award. I have personal knowledge of the facts set forth below and, if called upon, could and would competently testify thereto.

2. As counsel for Beach Cities in the arbitration, I attended the Hearing before the RCC, which was held on November 3-4, 2025 and December 1-2, 2025. The Parties then submitted simultaneous closing briefs to the RCC on January 2, 2026.

3. On March 5, 2026, the RCC issued its Initial Award. In the Initial Award, the RCC denied all of Greenwald's claims in the entirety and upheld the right of Beach Cities to collect the outstanding 6.8 million dollars in principal lent to Greenwald. The RCC further confirmed the liens under the other agreements as securing the repayment of the foregoing obligations. A true and correct copy of the Initial Award is attached hereto as **Exhibit A**.

4. However, a dispute arose between the Parties over the interpretation of the Initial Award. On March 30, 2026, Beach Cities requested that the RCC reopen its proceedings and, if necessary, amend its Initial Award in response to this dispute.

5. The RCC agreed and, between April 2026 and June 2026, the Parties submitted further briefing and argument to the RCC.

6. On June 22, 2026, the RCC issued its Final Award. A true and correct copy of the Final Award is attached hereto as **Exhibit B**.

//

//

I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

Executed on July 16, 2026, in Los Angeles, California.

By: ______________________
Daniel Katz

**CERTIFICATION OF SERVICE**

The undersigned hereby certifies that on July 17, 2026, all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system.

By: */s/ Zachary Murray*
Zachary Murray

# Exhibit A

בס"ד

# בית דין צדק

## ועד הרבנים דקליפארניא

**BEIS DIN**
**RABBINICAL COURT**

FINAL AWARD

Issued by the Rabbinical Council of California in the Matter of Yosef S. Greenwald v. Beach Cities Chabad, a California non-profit corporation.

This matter comes before the Beis Din concerning an unpaid $6.8 million loan made by Beach Cities Chabad, a California non-profit corporation ("BCC"), to Rabbi Yosef Shlomo Greenwald ("Greenwald"). The case was filed in the United States District Court for the Central District of California—in the matter *Yosef Shlomo Greenwald v. Beach Cities Chabad*, Case No. 2:25-CV-05829-AB-SSC. The federal Court then ordered the dispute to this Beis Din pursuant to the parties' stipulation on August 20, 2025.

Greenwald alleges claims for (1) fraud in the inducement; (2) promissory fraud; and (3) declaratory relief that the loan documents which underlie the $6.8 million obligation are unenforceable. In turn, BCC has asserted its own causes of action against Greenwald for (1) Breach of Contract – Promissory Note, (2) Breach of Contract – Security Agreement and Guaranty, (3) Conversion, (4) Quiet Title, (5) Breach of the Implied Covenant of Good Faith and Fair Dealing, (6) Unjust Enrichment/Restitution, and (7) Declaratory Relief.

Discussion: The Parties presented evidence and testimony at the arbitration hearing before this Beis Din. The Parties later submitted simultaneous post-hearing briefs and final reply briefs. The parties in this matter vigorously dispute key facts and their legal impact. Although the communications between the parties were often memorialized in text or other means, the exact reconstruction of the parties' intent, reliance, and commitments to one another; were at times murky and subject to misunderstanding or misconstruing. The core claims of the Plaintiff for recission of the loan documents and a finding of fraud in the inducement with the associated claims for relief and damages must meet a very high bar to persevere. We find that the evidence was insufficient to impeach the assertions of the Respondent and cannot prevail against the legally executed loan documents.

Based on the evidence and the law the claims of Plaintiff Yosef Shlomo Greenwald are denied in the entirety. The Beis Din upholds the right of Beach Cities Chabad to collect the outstanding 6.8 million dollars in principal lent to the Plaintiff. The liens are confirmed as securing the repayment of the foregoing obligation and BCC may foreclose such lien and exercise all remedies under the lien documents.

This order has been signed on 16 Adar, 5786 (March 5, 2026).

[signature]
Rabbi Nachum Sauer

[signature]
Rabbi Gershon Bess

[signature]
Rabbi Avrohom Union

[stamp: ועד הרבנים / בית דין צדק / דקליפארניא]

**Rabbinical Council of California**
4221 Wilshire Blvd., Suite 390, Los Angeles, California 90010 (213) 389-3382 Email: info@rccvaad.org

# Exhibit B

# AMENDED AND RESTATED FINAL AWARD (SUPPLEMENTAL PSAK)

Issued by the Rabbinical Council of California
in the Matter of Yosef S. Greenwald v. Beach Cities Chabad, a California non-profit corporation

This matter came before the Beis Din concerning an unpaid $6.8 million loan made by Beach Cities Chabad, a California non-profit corporation ("**Chabad Organization**"), to Rabbi Yosef Shlomo Greenwald ("**Greenwald**"). The case was filed in the United States District Court for the Central District of California—in the matter *Yosef Shlomo Greenwald v. Beach Cities Chabad*, Case No. 2:25-CV-05829-AB-SSC. The federal Court then ordered the dispute to this Beis Din pursuant to the parties' stipulation on August 20, 2025. On March [5], 2026, the Beis Din issued its Final Psak in this Matter (the "**Original Psak**").

Since the issuance of the Original Psak, there has been much communication between the parties and the Beis Din, with delays in implementing the Original Psak. We have decided, pursuant to our authority, including under Paragraph 9 of the Agreement to Submit to Binding Arbitration, signed by the parties, to restate our Psak in clear terms as set forth herein (this "**AR Psak**"). It is the intent of the Beis Din that this AR Psak governs and any conflict between this AR Psak and the Original Psak will be determined and governed by this AR Psak.

The following is the AR Psak:

1. The Beis Din awards the Chabad Organization the full $6,800,000.00 principal amount of the loan set forth in the Promissory Note entered into between Chabad Organization and Greenwald documenting said loan in the principal amount of $6,800,000.00 million from Chabad Organization to Greenwald (the "**Loan**") and confirms that Chabad Organization may enforce the repayment of the Loan in accordance with this AR Psak.

2. The Beis Din confirms that the Guaranty and the Pledge and Security Agreement entered into between Chabad Organization and Greenwald may be enforced against Greenwald in accordance with this AR Psak. The Beis Din confirms that this enforceability includes the liens (the "**Liens**") that were placed (a) against all 11 of the properties (collectively, the "**Relevant Properties**" and each, individually, a "**Relevant Property**") described in the Guaranty (whether described as options or otherwise are herein referred to, and are to be treated, as mortgages), and (b) against the "Companies" that own certain of the respective Relevant Properties (pursuant to the Pledge and Security Agreement). The Beis Din further confirms that these Liens are for the purpose of securing the repayment of the entire Loan but are to be enforced in accordance with the following Paragraphs. Greenwald can satisfy this AR Psak by making an immediate cash payment of the full Loan amount before the completion of any foreclosure in accordance with this Psak. However, until such time as the Loan has been satisfied in full, the provisions of this AR Psak shall govern and apply.

3. <u>The Liens on the following Relevant Properties and the owners thereof</u>: (i) 144[ Quigley Boulevard, New Castle, DE 19720 ("**<u>Quigley</u>**"); (ii) 144 Call Hollow Road, Pomona, NY 10970; (iii) 351 Ellsworth Avenue, New Haven, CT 06511; (iv) 19 Truman Street, New Haven, CT 06519; and (v) 174 Campbell Avenue, West Haven, CT 06516 (collectively, the "**<u>First Stage Liens</u>**"). The First Stage Liens may be enforced immediately by Chabad Organization, except for Quigley as to which foreclosure will be stayed pending closing of the sale of Quigley by the date set forth in the current sale agreement (within the next 60 days) and receipt by Chabad Organization of all net proceeds, and if the sale has not closed by such date then Chabad Organization may proceed with foreclosure. Such enforcement may be by foreclosure (judicial or non-judicial) of the Relevant Properties covered by the respective mortgages, or by foreclosure under the applicable Commercial Codes of the ownership interests in the Companies that own the Relevant Properties ("**<u>UCC Foreclosure</u>**"), provided that (a) any UCC Foreclosure may only be completed upon not less than 75 days' notice to Greenwald from the commencement of the applicable UCC Foreclosure and (b) the value attributed to each Relevant Property foreclosed upon by UCC Foreclosure shall be determined by appraisal (as described below). The parties may, by mutual agreement, in each of their respective sole judgment and discretion, agree to another process or valuation, but absent such agreement, Chabad Organization's remedy shall be by foreclosure as described herein. If the enforcement of any one or more of the First Stage Liens is by (i) foreclosure (other than UCC Foreclosure), the amount of the Loan that shall be deemed to be repaid shall be determined by the winning bid in such foreclosure, or (ii) UCC Foreclosure, the amount of the Loan that shall be deemed to be repaid shall be determined by appraisal. The appraisal process described in this AR Psak shall be as follows:

(A) each of Greenwald and Chabad Organization shall select an appraiser (and shall pay the costs of the appraiser selected by such party) within 10 days after the completion of the relevant UCC Foreclosure (failure to timely select and notify the other party of such selection shall be deemed to be an acceptance of the appraiser selected by the other party, if such other party has selected an appraiser and there shall be no third appraiser);

(B) the 2 appraisers shall select a third appraiser within 30 days after the appointment of the 2 appraisers, who shall be a MAI, that is independent of each of the parties having had no dealings with any of the parties and shall have not less than 10 years' experience in appraising such properties; and

(C) the third appraiser shall only have the authority to pick one of the appraisals of the other 2 appraisers, and shall render its decision within 30 days of such third party appraiser's selection.

The determination of the third appraiser shall be final and binding on the parties and judgment shall be rendered on such determination in a court of competent jurisdiction. If a third appraiser cannot be agreed to, either party may apply to a court in the jurisdiction of the Relevant Property for the selection of the third appraiser satisfying the above qualifications. Both parties shall pay for the costs of the third appraiser (including the fees of such appraiser and any court costs to select the third appraiser), equally.

4. <u>The Liens on the remaining properties (the "**Remaining Liens**" and the "**Remaining Liens Properties**")</u>: The Remaining Liens are not to be enforced immediately but only if Greenwald defaults under the terms of this AR Psak or in the event that, after transfer or foreclosure of the properties covered by the First Stage Liens, any portion of the Loan remains unpaid. For the avoidance of doubt, if after such transfers and foreclosures the Loan has been repaid, the Remaining Liens shall be released. In the event any portion of the Loan remains unpaid, Greenwald shall designate in writing to Chabad Organization, within 3 months after the completion of the foreclosure (or other transfer) of the last of the First Stage Liens Relevant Properties, those of the Remaining Liens Properties covered by the Remaining Liens (whose aggregate values based upon appraisals (paid for by Greenwald) equals approximately 125% of the unpaid portion of the Loan) will become 3 Lien properties, governed by Paragraph 3 above, and the remaining properties will be properties constituting Remaining Liens. If Greenwald shall fail to so designate such of the Remaining Liens Properties that satisfy the foregoing requirements within such 3 month period, and such failure continues for 30 days after written notice from Chabad Organization of such failure, then Chabad Organization shall have the right to designate those of the Remaining Liens Properties that will become First Stage Liens properties. The process shall continue until the Loan is repaid in full. At that point, the Liens shall be released.

The operating income from the Remaining Liens Properties may be used by Greenwald as he sees fit.

In the event Greenwald desires to finance or refinance any one or more of the Remaining Lien Properties, such will be permitted (and, if the lender requires a release of any Remaining Lien on the applicable Remaining Lien Property as opposed to permitting subordination of the Chabad Organization Remining Lien on such Remaining Lien Property, the Liens on the refinanced properties will be released), provided that the following conditions shall be satisfied:

(w) if the lender permits subordination of the Chabad Organization Remining Lien on such Remaining Lien Property, the Liens on the refinanced properties will be subordinated and not released;

(x) if the remaining equity of the Remaining Lien Property, as applicable after closing of the financing or refinancing, taking into account all liens against the Remaining Lien Property after the closing of such financing, would be greater than 10% of the full appraised value of the applicable property (determined as set forth above or as agreed to by the parties), then Chabad Organization shall only be required to release the applicable Remaining Lien on the applicable financed Remaining Lien Property if either (1) Greenwald shall deliver the applicable Remaining Lien Property without such financing and without any liens on such Remaining Lien Property other than those in existence on the date of this AR Psak in exchange for a deemed payment of the Loan in the amount of the full appraised value of the applicable Remaining Lien Property less the amount of any liens against such Remaining Lien Property, and Chabad Organization agrees with this choice, or (2) Chabad Organization does not elect choice (1) and the remaining equity of the Remaining Lien Property, as applicable after closing of the financing or refinancing, taking into account all liens against the Remaining Lien Property after the closing of such financing, would be less than 30% of the full appraised value of the applicable property, determined as set forth above or as agreed to by the parties (for the avoidance of doubt, Chabad Organization need not release its lien if the remaining equity of the Remaining Lien Property, as applicable after closing of the financing or refinancing, taking into account all liens against the Remaining Lien Property after the closing of such financing, would be 30% or more of the full appraised value of the applicable property, determined as set forth above or as agreed to by the parties); and

(y) where there is no existing loan that is being paid off, all proceeds of the financing, other than expenses of the loan and reasonable reserves established by the lender, are used to repay the Loan; and

(z) if there was a pre-existing loan, any remaining proceeds after payment of the outstanding amounts under the pre-existing loan that is being paid off are to be used to repay the Loan. A copy of the final settlement statement with respect to the sources and uses of the financing proceeds is to be delivered to Chabad Organization not less than 5 business days before the closing of the financing and as a condition of the financing.

Greenwald will be in default of this AR Psak if he violates any of the terms or conditions of this AR Psak and such violation continues for 5 days.

The Beis Din retains jurisdiction to enforce this Award and to issue further orders, as necessary.

This order has been signed 7 Tammuz, 5786 (June 22, 2026)

Rabbi Nachum Sauer

Rabbi Avrohom Union

Rabbi Gershon Bess