Aryeh Kaufman, Esq. (SBN: 289745)
aryeh@akaufmanlegal.com
**LAW OFFICE OF ARYEH KAUFMAN**
5482 Wilshire Blvd., PMB 1907
Los Angeles, CA 90036
Tel: (323) 943-2566
Fax: (213) 402-8598

*Attorneys for Plaintiff and Counterdefendant,*
**YOSEF SHLOMO GREENWALD**
*and Counterdefendants,*
**144 QUIGLEY BLVD LLC, 144 CALL HOLLOW LLC, KAN TZIVA LLC, MIRIAM GREENWALD, 174 CAMPBELL, LLC, 1471-1475 CHAPEL STREET, LLC, AND 19 TRUMAN HOLDINGS, LLC, LS INV LLC, MYS DISTRIBUTORS LLC, AND RAISETHON LLC**

# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| YOSEF SHLOMO GREENWALD<br><br>Plaintiff,<br><br>v.<br><br>BEACH CITIES CHABAD;<br>DOES 1 to 10, inclusive,<br><br>Defendants. | Case No.  2:25-cv-05829-AB-SSC<br><br>**PLAINTIFF AND COUNTER DEFENDANT YOSEF SHLOMO GREENWALD, 144 QUIGLEY BLVD LLC, 144 CALL HOLLOW LLC, KAN TZIVA LLC, MIRIAM GREENWALD, 174 CAMPBELL, LLC, 1471-1475 CHAPEL STREET, LLC, AND 19 TRUMAN HOLDINGS, LLC, LS INV LLC, MYS DISTRIBUTORS LLC, AND RAISETHON LLC'S OPPOSITION TO DEFENDANT BEACH CITIES CHABAD'S PETITION TO CONFIRM ARBITRATION AWARD**<br><br>Hearing Date:   August 14, 2026<br>Hearing Time:   10:00 a.m.<br>Courtroom:       7B<br>Judge:           Hon. Andre Birotte, Jr.<br><br>Complaint filed: June 26, 2025 |

1

## MEMORANDUM OF POINTS AND AUTHORITIES

**I.     INTRODUCTION**

Defendant Beach Cities Chabad ("Defendant") seeks confirmation of an arbitration award pursuant to 9 U.S.C. § 9, but the proposed judgment it has submitted (D.E. 71-3) improperly expands the scope of what the arbitrator panel actually awarded. While Plaintiff Yosef Shlomo Greenwald ("Plaintiff") does not challenge the underlying arbitration award itself, the proposed judgment adds obligations and relief the arbitrators never granted. A court may not confirm a judgment that so exceeds the arbitrators' award.

Plaintiff therefore respectfully requests the Court, pursuant to 9 USCS § 11, to either deny confirmation or modify the proposed judgment to conform to the award.

**II.    STATEMENT OF RELEVANT FACTS**

**A. Procedural History**

This dispute arises out of a loan agreement, promissory note, guaranty, and associated quitclaim deeds and memorandums of option to purchase real property. These loan documents were executed on or about November 1, 2024, while Plaintiff was suffering from a traumatic brain injury, and Defendant took advantage of Plaintiff's condition.

On June 26, 2025, Plaintiff filed his Complaint, alleging causes of action for fraud in the inducement; promissory fraud; and declaratory relief against Beach Cities Chabad. D.E. 1. On June 30, 2025, Plaintiff filed an Application for Temporary Restraining Order. D.E. 8. The Court denied the application on July 18, 2025. D.E. 13.

Defendant filed an Answer and Counterclaims on July 21, 2025. D.E. 14. The Court struck this document and, on August 4, 2025, Defendant filed its First Amended Answer and Affirmative Defenses and First Amended Counterclaim. D.E. 35. Defendant brought counterclaims against Plaintiff, as well as third-party

defendants 144 Quigley Blvd, LLC, 144 Call Hollow LLC, Kan Tziva LLC, Miriam Greenwald, 174 Campbell LLC, 1471-1475 Chapel Street, LLC, 19 Truman Holdings, LLC, LS INV LLC, MYS Distributors LLC, Raisethon LLC. *Id.*

On July 29, 2025, Defendant filed an Application for a Temporary Restraining Order. D.E. 29. On August 14, 2025, the Court denied this application. D.E. 54.

On August 15, 2025, the parties filed a joint stipulation (D.E. 59), which the Court granted (D.E. 60), providing: "All parties are ordered to arbitrate this dispute before the Rabbinical Counsel of California, in Los Angeles County. Beach Cities (as defined in the Joint Stipulation) shall not record the deeds to any of the Properties (as defined in the Joint Stipulation) pending the outcome of the Arbitration or unless otherwise allowed via the Arbitration or valid Court Order. The Greenwald Parties (as defined in the Joint Stipulation) shall not sell or otherwise encumber any of the Properties (as defined in the Joint Stipulation) pending the outcome of the Arbitration or unless otherwise allowed via the Arbitration or valid Court Order. This case is hereby STAYED and this Court shall retain jurisdiction over this matter pending the outcome of the Arbitration." D.E. 60.

In short, the parties agreed not only to arbitrate the dispute, but also agreed to limit their recourse to what is "allowed via the Arbitration or valid Court Order." *Id.*

In the Agreement to Submit to Binding Arbitration with the Rabbinical Council of California, the parties further agreed to waive certain objections to the award. Notwithstanding, "a party may request the correction or a clerical or other non-substantive error in the arbitration award and may request that the award be amplified to include the disposition of an issue that was submitted to the arbitration panel but was not fully dealt with in the arbitration award. It shall be in the discretion of the arbitrators whether to entertain or grant any such request. [¶] […]

YOSEF SHLOMO GREENWALD AND COUNTERDEFENDANTS' OPPOSITION TO DEFENDANT BCC'S PETITION TO CONFIRM ARBITRATION AWARD

The arbitrators will be deemed to retain jurisdiction of the controversy pursuant to this Agreement to the extent necessary to interpret, implement or enforce the award and any entry of judgment confirming any award of the Beth Din. Any party may obtain a judgment confirming the award by filing a petition in a court of competent jurisdiction in the County of Los Angeles and any other jurisdiction permitted by the arbitrators."

Arbitration was thereafter conducted as a Beis Din before a panel of three rabbis or arbitrators.[1] The Beis Din issued a final award on March 5, 2026. D.E. 71-2. This one-page document briefly discusses the evidence and sets forth core findings in broad language, e.g. "The Beis Din upholds the right of Beach Cities Chabad to collect the outstanding 6.8 million dollars in principal lent to the Plaintiff." *Id.* However, the initial final award lacks any specific procedural details on how Defendant may enforce that right. *Id.*

Defendant raised these ambiguities, and others, with the arbitration panel. Defendant specifically requested the Beis Din add the other Counterdefendants to the Final Award, and that the Beis Din should also add other enforcement mechanisms to the Final Award. See Exhibit A to the Declaration of Aryeh Kaufman. After consideration, the Beis Din issued the Amended and Restated Final Award ("AR Psak" or "Amended Final Award"), which explicitly provides: "It is the intent of the Beis Din that this AR Psak governs and any conflict between this AR Psak and the Original Psak will be determined and governed by this AR Psak." D.E. 71-2.

On March 23, 2026, the Court vacated the stay and reopened the case. D.E. 63.

---

[1] A Beis Din is the same thing as an arbitration. "A 'beth din,' sometimes transliterated from the Hebrew to "bet din" or "bais din," is a rabbinic court, an authoritative forum of Jewish law. *Dial 800 v. Fesbinder*, 118 Cal.App.4th 32, 46 (Cal. Ct. App. 2004) (collecting cases). The actual beth din proceeding is usually conducted before three rabbis. *Id.* Some secular commentators refer to a beth din proceeding addressing business disputes as one before an arbitration panel. *Id.* Further, the results of beth din proceedings have been enforced in this country as though they were arbitration awards. *Id.*

4

YOSEF SHLOMO GREENWALD AND COUNTERDEFENDANTS' OPPOSITION TO DEFENDANT BCC'S PETITION TO CONFIRM ARBITRATION AWARD

The Beis Din issued the Amended Final Award on June 22, 2026.

Defendant filed its petition to confirm the arbitration award on July 17, 2026. D.E. 71.

## B. Discrepancies in Amended Final Award and Defendant's Proposed Judgment

The Amended Final Award establishes a specific framework for debt collection. It identifies 11 "Relevant Properties" subject to liens and creates a tiered enforcement system, designating five specific properties as "First Stage Liens" that can be enforced immediately. The Amended Final Award restricts the remaining properties to be enforced only if the initial foreclosures do not cover the debt.

The Amended Final Award also outlines rules for appraisals and highly specific mathematical conditions under which Greenwald is allowed to refinance properties.

The Amended Final Award provides that the Guaranty and the Pledge and Security Agreement may be enforced against Greenwald. Greenwald alone is named. Indeed, all awards and enforcement mechanisms are directed toward Yosef Shlomo Greenwald, and not any of the other Counterdefendants.

For instance, the Amended Final Award states that Greenwald, and only Greenwald, will be in default of if he violates any of its terms of the Amended Final Award and the violation continues for five days.

In fact, the Amended Final Award does not use the term "counterclaim" or explicitly list any causes of action. In the initial final award, the Beis Din merely found: "Based on the evidence and the law the claims of Plaintiff Yosef Shlomo Greenwald are denied in the entirety. The Beis Din upholds the right of Beach Cities Chabad to collect the outstanding 6.8 million dollars in principal lent to the Plaintiff." The Beis Din made no findings or orders on Defendant's counterclaims.

YOSEF SHLOMO GREENWALD AND COUNTERDEFENDANTS' OPPOSITION TO DEFENDANT BCC'S PETITION TO CONFIRM ARBITRATION AWARD

However, according to Defendant's proposed judgment, "Beach Cities' Counterclaims are therefore GRANTED, and Beach Cities is entitled to the $6.8 million in principal under the Promissory Note dated November 1, 2024." D.E. 71-3 at ¶ 4.

The proposed judgment further requires the Court to order "the Greenwald Parties to comply with such procedures until the $6.8 million award, and all interest, have been fully satisfied." D.E. 71-3 at ¶ 6. Defendant defines "the Greenwald Parties" as "144 Quigley Blvd, LLC, 144 Call Hollow LLC, Kan Tziva LLC, Miriam Greenwald, 174 Campbell LLC, 1471-1475 Chapel Street, LLC, 19 Truman Holdings, LLC, LS INV LLC, MYS Distributors LLC, Raisethon LLC[.]" D.E. 71-3.

However, none of these so-called "Greenwald Parties" are mentioned in the Amended Final Award, despite Defendant's specific request they be added. The Amended Final Award only identifies the liable party as "Yosef S. Greenwald" (also referred to as "Rabbi Yosef Shlomo Greenwald" or "Greenwald") and "Beach Cities Chabad".

Finally, Defendant's proposed judgment grants Beach Cities Chabad an award of post-judgment interest at a rate of 4.03%, accruing at $801.10 per day from the date of the judgment. D.E. 71-3 at ¶ 5.

However, the Amended Final Award does not provide for interest or any additional remedies or enforcement procedures. Specifically, the Amended Final Award provides: "The Beis Din awards the Chabad Organization the full $6,800,000.00 principal amount of the loan set forth in the Promissory Note entered into between Chabad Organization and Greenwald documenting said loan in the principal amount of $6,800,000.00 million from Chabad Organization to Greenwald (the "Loan") and confirms that Chabad Organization may enforce the repayment of the Loan in accordance with this AR Psak."

## III.    **LEGAL STANDARD**

6

The Federal Arbitration Act ("FAA") reflects a "liberal federal policy favoring arbitration and the fundamental principle that arbitration is a matter of contract." *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 131 S. Ct. 1740, 1742, 179 L. Ed. 2d 742 (2011) (cleaned up).

Under the FAA, if the parties agreed that a judgment shall be entered upon an arbitration award, a party may apply to the court for an order confirming the award, and "the court must grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title." 9 USCS § 9. Section 11 of the FAA permits a court to modify and correct the award so as to effect the intent of the award and promote justice between the parties. 9 USCS § 11.

## IV.    **ARGUMENT**

A district court's review of an arbitral award is limited and extremely deferential. *See, e.g., Local Joint Executive Bd. of Las Vegas v. Riverboat Casino, Inc.*, 817 F.2d 524, 526 (9th Cir. 1987). The Court's role here is to confirm the award the Beis Din made, not a broader or different award that the prevailing party wishes had been made.

### A. The Proposed Judgment Exceeds the Scope of the Arbitrator's Actual Award and Therefore Cannot Be Entered

Federal courts have no authority to expand or rewrite an arbitration award. Defendant cannot use the confirmation process to obtain relief the arbitrator did not grant.

Section 9 of the FAA mandates that the court "must grant" an order confirming "the award" unless grounds exist to vacate, modify, or correct it under sections 10 and 11. 9 USCS § 9. This reference to "the award" means the actual decision rendered by the arbitrator, not the prevailing party's self-serving description of it.

YOSEF SHLOMO GREENWALD AND COUNTERDEFENDANTS' OPPOSITION TO DEFENDANT BCC'S PETITION TO CONFIRM ARBITRATION AWARD

Here, the proposed judgment submitted by Defendant includes provisions that do not appear in the Amended Final Award. Specifically, the proposed judgment seeks to obtain a broader general judgment on Defendant's counterclaims that would bind parties other than Greenwald, award interest, and make additional enforcement tools accessible, which the Beis Din plainly declined to order.

The Amended Final Award sets forth specific conditions and expressly states that Defendant "may enforce the repayment of the Loan in accordance with this AR Psak." It does not allow Defendant to pursue additional remedies in this Court.

Every line item in Defendant's proposed judgment contains matter the arbitrator did not find or award. The entire proposed judgment is an overreach. The Court should therefore deny confirmation altogether.

**B. The Discrepancies Between the Award and the Proposed Judgment Are Material and Prejudice Plaintiff and Counterdefendants**

Arbitration is a creature of contract, and parties have "a right to arbitration according to the terms for which it contracted[.]" *Lagstein v. Certain Underwriters at Lloyd's*, 607 F.3d 634, 643 (9th Cir. 2010) (citation omitted). Likewise, any remedy in arbitration must "draw its essence from, and is therefore limited by," the parties' agreement. *Phx. Newspapers, Inc. v. Phx. Mailers Union Local 752, Int'l Bhd. of Teamsters*, 989 F.2d 1077, 1082 (9th Cir. 1993).

Here, the parties not only agreed to binding arbitration, but they agreed the arbitrators retain jurisdiction of the controversy "to the extent necessary to interpret, implement or enforce the award and any entry of judgment confirming any award[.]" As such, the parties briefed supplemental issues related to the final award, such that the panel issued an Amended Final Award.

However, the parties never agreed that further revisions or additions to the award can be made by this Court.

YOSEF SHLOMO GREENWALD AND COUNTERDEFENDANTS' OPPOSITION TO DEFENDANT BCC'S PETITION TO CONFIRM ARBITRATION AWARD

The differences between that Amended Final Award and Defendant's proposed judgment are not mere matters of form. Section 11(c) of the FAA permits modification only where "the award is imperfect in matter of form not affecting the merits of the controversy." 9 USCS § 11.

Here, Defendant's modifications *do* affect the merits, as they impose financial obligations on parties other than Greenwald, ongoing compliance burdens, and post-judgment interest that the Beis Din did not order.

The proposed judgment seeks to bind and enforce a $6.8 million award against "the Greenwald Parties" who were not named or held liable in the final award.

There is nothing in the Amended Final Award as to these parties, despite Defendant's specific request to the Beis Din that they add the Counterdefendants to the Amended Final Award. Yet, Defendant's proposed judgment would immediately expose these parties to the panoply of post-judgment tools to collect a debt that the Beis Din assigned solely to Yosef S. Greenwald personally.

It is extremely prejudicial for Counterdefendants to be subject to legal encumbrances, or contempt risks when the Beis Din made no finding as to their liability, instead ordering a specific method for enforcement against only Greenwald.

Further, Defendant's proposed judgment purports to be a general judgment in its favor, including post-judgment interest; however, the Beis Din did not "grant" Defendant's counterclaims or award any amount beyond the $6.8 million principal loan amount. Again, despite Defendant's request that the Beis Din do so.

Defendant's additions in the proposed judgment are not technical corrections, especially in light of the fact that they already made these same requests to the Beis Din, but now ask this Court to make substantive, prejudicial expansions of liability.

YOSEF SHLOMO GREENWALD AND COUNTERDEFENDANTS' OPPOSITION TO
DEFENDANT BCC'S PETITION TO CONFIRM ARBITRATION AWARD

Defendant may argue that the additional provisions in its proposed judgment are implicit in the award or are necessary to effectuate the award. But arbitrators have broad discretion to fashion remedies within the scope of their authority, and courts must respect the remedies arbitrators choose to impose. *United States Life Ins. Co. v. Superior Nat'l Ins. Co.*, 591 F.3d 1167, 1179 (9th Cir. 2010).

In this case, the Beis Din chose certain remedies and overtly declined to impose others. If the Beis Din intended to award the relief included in Defendant's proposed judgment, the Amended Final Award would have said so. Defendant certainly requested it. However, the panel's silence on parties other than Greenwald, silence on Defendant's counterclaims, silence on alternative collection procedures, and silence on interest reflect a decision *not* to grant that relief. Even if Counterdefendants were named as guarantors or pledged companies in earlier pleadings, the arbitrators chose not to issue the award or order enforcement against them, only against Greenwald personally, and only with a specific enforcement mechanism.

The Beis Din also chose only to award the principal, and makes no mention of interest on the $6.8 million.

The Court should respect the Beis Din's choice of those omissions. The language of the Amended Final Award is deliberate. There is no basis for Defendant to add further provisions through the confirmation process in this Court. If the Court makes these additions, they will be a breach of the parties' agreement to arbitrate.

Plaintiff respectfully asks the Court to enter a judgment that accurately reflects the outcome of the parties' arbitration. Defendant's petition therefore cannot be granted.

**C. This Court Has Authority and Discretion to Deny Confirmation**

YOSEF SHLOMO GREENWALD AND COUNTERDEFENDANTS' OPPOSITION TO DEFENDANT BCC'S PETITION TO CONFIRM ARBITRATION AWARD

The FAA vests district courts with authority to modify or correct arbitration awards "to effect the intent thereof and promote justice between the parties." 9 USCS § 11.

In exercising this power, the court does not review the merits of the arbitrator's decision or second-guess the arbitrator's findings. Instead, the court ensures that the judgment entered reflects what the arbitrator, in fact, decided and awarded.

Defendant's proposed judgment includes provisions that exceed the scope of the Amended Final Award. This Court has authority under 9 U.S.C. § 11 to modify a proposed judgment to conform to the actual award.

Plaintiff respectfully requests that the Court exercise that authority here, and deny Defendant's petition. Doing so will ensure the relief the Beis Din granted remains intact, while preventing Defendant from obtaining a judicial windfall.

## V.   CONCLUSION

For the foregoing reasons, Defendant's proposed judgment exceeds the scope of the Amended Final Award. Plaintiff respectfully requests that the Court deny Defendant's petition to confirm the arbitration award, or grant such other and further relief as the Court deems just and proper.

Dated: July 24, 2026

**LAW OFFICE OF ARYEH KAUFMAN**

By: */s/ Aryeh Kaufman*
Aryeh Kaufman, Esq.,
*Attorneys for Plaintiff,*
**YOSEF SHLOMO GREENWALD**

11

YOSEF SHLOMO GREENWALD AND COUNTERDEFENDANTS' OPPOSITION TO DEFENDANT BCC'S PETITION TO CONFIRM ARBITRATION AWARD