UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No.: | 2:25-cv-05829-AB-SSC | Date: | August 14, 2026 |
|---|---|---|---|

Title: *Yosef Shlomo Greenwald v. Beach Cities Chabad*

Present: The Honorable **ANDRÉ BIROTTE JR., United States District Judge**

| Evelyn Chun | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Appearing | None Appearing |

**Proceedings: [In Chambers] ORDER GRANTING DEFENDANT'S MOTION TO CONFIRM ARBITRATION AWARD [Dkt. No. 71]**

Before the Court is Defendant Beach Cities Chabad's ("Defendant") Motion to Confirm Arbitration Award ("Motion," Dkt. No. 71). Plaintiff and Counter-defendant Yosef Shlomo Greenwald ("Plaintiff") filed an opposition and Defendant filed a reply. The Motion is **GRANTED**.

## I. BACKGROUND

This action arose out of the parties' disagreement over repayment of a $6.8 million loan Defendant made to Plaintiff. Plaintiff alleged against Defendant the following claims: (1) fraud in the inducement; (2) promissory fraud; and (3) declaratory relief that the loan documents which underlie the $6.8 million obligation are unenforceable. Defendant alleged the following counterclaims against Plaintiff and additional Counter-defendants Miriam Greenwald and entities that own properties pledged to secure the loan: (1) Breach of Contract—Promissory Note; (2) Breach of Contract—Security Agreement and Guaranty; (3) Conversion; (4) Quiet Title; (5) Breach of the Implied Covenant of Good Faith and Fair Dealing; (6) Unjust Enrichment/Restitution; and (7) Declaratory Relief.

Pursuant to the Court's Order (Dkt. No. 60) granting all parties' Stipulation (Dkt. No. 59) to do so, the parties arbitrated their claims and counterclaims before the Rabbinical Council of California ("RCC"). The RCC issued an Initial Award (Katz Decl. Ex. A) and, after disputes arose, a Final Award (Katz Decl. Ex. B) to clarify the Initial Award. In the Initial Award, RCC recited all of the parties claims and counterclaims, denied all of Plaintiff's claims in the entirety, and upheld Defendant's right to collect $6.8 million in principal from Plaintiff, including by foreclosing on properties pledged as security and other remedies stated in the lien documents. The Final Award set forth procedures for enforcing those liens.

Defendant now moves the Court to confirm the Final Award issued by the RCC and to enter Judgment. Defendant included with its Motion a Proposed Judgment in its favor against the Greenwald Parties, defined as Plaintiff and Counter-defendants 144 Quigley Blvd, LLC, 144 Call Hollow LLC, Kan Tziva LLC, Miriam Greenwald, 174 Campbell LLC, 1471-1475 Chapel Street, LLC, 19 Truman Holdings, LLC, LS INV LLC, MYS Distributors LLC, and Raisethon LLC. Defendant's Proposed Judgment recites that the Final Award denied all of Plaintiff's claims to rescind the Promissory Note, Pledge and Security Agreement, and Guaranty, and upholding Defendant's rights under these agreements to collect the $6.8 million and to enforce its rights pursuant to a specific procedure. Defendant's Proposed Judgment includes six terms effectuating the Final Award.

## II. DISCUSSION

Under the Federal Arbitration Act ("FAA"), upon application by a party for an order confirming an arbitration award, "the court must grant such an order unless the award is vacated, modified or corrected as prescribed in sections 10 and 11" of the FAA. 9 U.S.C. § 9.

Plaintiff does not challenge the underlying arbitration award itself or argue that it should be vacated, modified, or corrected. Instead, Plaintiff argues that Defendant's proposed Judgment includes matters that the arbitrator did not find or award, and on that basis, the Court should not confirm the award. Plaintiff complains that "[e]very line item" in the Proposed Judgment is flawed in some way. Plaintiff does not propose some alternative judgment but instead argues that the Court should deny the Motion.

Plaintiff's objections lack merit. Defendant distills Plaintiff's objections as follows: Plaintiff "claims that the judgment should not include (1) the counter-

defendant entities that he owns and controls; (2) a general judgment granting Beach Cities' counterclaims; or (3) any post-judgment interest." Reply 1:8-11.

First, in an email exchange with Defendant, the RCC confirmed that the Proposed Judgment complies with its Final Award. *See* Second Katz Decl. ¶ 11, Ex. C. Specifically, the RCC stated that it has no objections to five of the six terms of the Proposed Judgment, and as to the interest term, noted only that the Final Award did not award any interest. If there is an ambiguity in an arbitration award, the Court may rely on the arbitrator's interpretation of its own award. *See Int'l Bhd. of Teamsters, Chauffeurs, Warehousemen & Helpers of Am., AFL-CIO, Loc. 631 v. Silver State Disposal Serv., Inc.*, 109 F.3d 1409, 1411 (9th Cir. 1997) (affirming confirmation of arbitration award after district court relied on the arbitrator's letter clarifying the award). Here, the RCC's response reflects that the Proposed Judgment's five terms (except for the interest term) reflect the substance of the Final Award. This persuades the Court that the Proposed Judgment is largely appropriate.

But even without considering the RCC's response, Plaintiff's objections are without merit. First, the Proposed Judgment properly includes the Counter-defendants. The Counter-defendants are parties to this lawsuit, signed the stipulation to arbitrate (Dkt. No. 59), and were ordered to arbitration (Dkt. No. 60). The Final Award directly addresses and affects the Counter-defendants and the 11 properties they own that were pledged as security for Defendant's loan to Plaintiff that is at the heart of the dispute. For example, the Final Award confirms the enforceability of the liens placed on these 11 properties, and "against the 'Companies' that own" the properties. Final Award ¶ 2. The Final Award also sets forth how Defendant can enforce the "Liens on the following Relevant Properties and the owners thereof," including by "foreclosure . . . of the ownership interests in the Companies that own the Relevant Properties." Final Award ¶ 3. It is therefore clear that the Counter-defendants entities participated in and are bound by the arbitration. Furthermore, the Counter-defendants own the properties subject to the liens that the Final Award determined were enforceable and as to which it set forth an enforcement process requiring the participation of those entities. Excluding the Counter-defendants from the judgment would therefore be inconsistent with the Final Award.

It is also appropriate for the Judgment to grant Defendant's counterclaims. The Initial Award recited all of the parties' claims and counterclaims and denied all of Plaintiff's claims in their entirety, and the Final Award awarded Defendant the $6.8 million from Plaintiff and found Defendant's agreements with the

Counter-defendants enforceable such that it could foreclose on the properties they own. This is the relief Defendant sought by counts 1-3 and 5-7. However, the Court will omit Defendant's claim for quiet title (count 4) from the judgment, as the Final Award did not apparently grant that relief.

Finally, it is also appropriate to include post-judgment interest in the Judgment. Plaintiff argues that the RCC did not award interest so interest should not be included in any judgment. While the RCC stated that it did not award any interest, that does not mean the RCC denied interest—it simply did not address that issue. The Court can award interest when it confirms an arbitration award. *Lagstein v. Certain Underwriters at Lloyd's of London*, 725 F.3d 1050, 1055 (9th Cir. 2013) ("Courts do not lack authority to award interest where an arbitration award is silent.")

28 U.S.C. § 1961 states that "[i]nterest shall be allowed on any money judgment in a civil case recovered in a district court," and establishes how that interest will be calculated. 28 U.S.C. § 1961(a), (b). "Post-judgment interest on a district court judgment is mandatory per 28 U.S.C. § 1961." *Lagstein*, 725 F.3d at 1056. "A judgment confirming an arbitration award is treated similarly to any other federal judgment," *Fidelity Federal Bank, FSB v. Durga Ma Corp.*, 387 F.3d 1021, 1023 (9th Cir. 2004). Therefore, the Court will award post-judgment interest. Plaintiff finds no fault with the calculation in Defendant's Proposed Judgment, and it appears to comport with § 1961.

## III. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendant's Motion to Confirm Arbitration Award and will adopt and enter Defendant's Proposed Judgment in all respects, except as to Defendant's claim for quiet title (count 4).

**SO ORDERED**.